UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William C. McKinnedy, III, # 256024, *aka* McKinney, McKennedy, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) |
| Warden John R. Pate, *Warden at Allendale Correctional Institution*; | ) C/A No. 6:13-1793-GRA-KFM |
| Mr. William R. Byars, *Director of SCDC*; | ) |
| Mr. Dennis Patterson, *Director of Operation*; | ) |
| K. Newton, *Asso. Warden*; | ) |
| A. Jordan, *Asso. Warden*; | ) |
| R. Williams, *DHO/Asso. Warden*; | ) |
| W. Worrock, *Major*; | ) |
| R. Grimes, *Captain*; | ) |
| J. Rump, *Lieutenant*; | ) |
| M. Congo, *Lieutenant*; | ) |
| L. Morris, *Lieutenant*; | ) |
| T. Ramsey-Tyler, *Lieutenant*; | ) |
| C. Hartley, *Lieutenant*; | ) |
| Lieutenant Jenkins, *Lieutenant of Contraband*; | ) |
| Sergeant McDonaldson; | ) |
| Sgt. Behlin; | ) |
| R. River-Smith, *Sgt.*; | ) |
| Sgt. Cave; | ) **Report and Recommendation** |
| J. Dickerson, *Cpl.*; | ) |
| M. Walker, *Officer*; | ) |
| D. Ford, *Officer*; | ) |
| H. Freeman, *Mailroom Div.*; | ) |
| V. Grubbs, *Postal Mailroom Director*; | ) |
| V. Jones, *Counsel Substitute*; | ) |
| V. Black, *Lieutenant Property Control*; | ) |
| A. Jamison, *Cpl. Property Control*; | ) |
| P. Smith, *Inmate Grievance C/IGC*; | ) |
| A. Hallman, *Bronc Chief Grievance*; | ) |
| J. Simmons, *Branch Chief Assistant*; | ) |
| Lloyd Roberts, *Chief Chaplain*; | ) |
| C. Stokes, *Chaplain*; | ) |
| J. Porter, *Chaplain*; | ) |
| O. Shaheed, *Muslim Chaplain*; | ) |
| T. Mutakabbir, *Muslim Chaplain*; | ) |
| E. Rowe, *DHO*; | ) |
| G. Dukes, *Food Supervisor*; | ) |
| M. Fuller, *Nutritionist*; | ) |
| P. Derrick, *Head Nurse*; | ) |
| R. Jenkins, *Lieutenant SMU*; | ) |
| D. Taratasky, *Staff Attorney GCO*; | ) |
| Alan Wilson, *Attorney General*; | ) |
| Nikki R. Haley, *Governor of SC*; | ) |
| J. Carmichael, *General Counsel*; | ) |
| M. McQueen, *Law Librarian Edu. Bldg.*; | ) |
| Secretary Sanders, *Warden Secretary Assit.*, | ) ) |
| Defendants. | ) |

_____

## *Background of this Case*

Plaintiff is a resident of Greenville, South Carolina. At the time Plaintiff delivered the pleadings in this case to prison officials for mailing, Plaintiff was confined at the Allendale Correctional Institution. On July 26, 2013, Plaintiff filed a change of address notice and apprised the Clerk's Office that he had been released from prison.

In the above-captioned case, Plaintiff has submitted a forty-six page Complaint and thirty-nine pages of exhibits. Plaintiff has named as defendants forty-three officials or employees of the South Carolina Department of Corrections (SCDC), the Governor of South Carolina, and the Attorney General of South Carolina. Plaintiff has grouped his allegations into parts. Plaintiff's allegations have been placed in the following table:

| Part No. | Dates at Issue | Particular Defendants or Individuals |
| --- | --- | --- |
| 1.<br>denial of access to courts; retaliation | August 2012 | H. Freeman<br>P. Smith<br>A. Jordan |
| 2.<br>disciplinary charge of abuse of privileges (mail); delays in receiving mail | November 2013 | V. Grubbs<br>M. Curujo<br>K. Newton<br>A. Jordan |
| 3.<br>Conspiracy, fraud, or retaliation | September 2010 | K. Newton |
| 4.<br>Denial of right to practice religion | September 2011 | A. Jamison<br>K. Newton<br>V. Black<br>J. Pate<br>P. Smith<br>D. Patterson |

| | | |
|---|---|---|
| 5. Plaintiff unable to take legal materials to lock-up | June 2012 | A. Jamison<br>L. Morros<br>W. Worrock<br>J. Pate<br>V. Black<br>P. Smith |
| 6. Placement in lock-up on Sept. 13, 2012 | September 2012 | Sgt. McDonaldson<br>J. Pate<br>P. Smith |
| 7. Alleged conspiracy to keep Plaintiff from litigating | September 18, 2012, to April 25, 2013 | J. Pate<br>Sanders<br>P. Smith<br>Lt. Morros<br>J. Dickerson<br>W. Worrock |
| 8. Plaintiff unable to keep law books after due date for their return; limitations on law books for SMU inmates; denial of access to courts | January and February of 2013 | K. Newton<br>J. Pate<br>Patterson<br>D. Tatarsky<br>W. Byars |
| 9. Denial of request for white typing paper | July 2012 | W. Worrock<br>Lt. Jenkins |
| 10. Plaintiff's placement in lock-up | September 13, 2012 | M. Walker<br>T. Ramsey<br>C. Hartley |
| 11. Failure to notify Plaintiff of disciplinary hearing | September 2012 | J. Pate<br>V. Jones<br>M. Walker |
| 12. Disciplinary charges | October 25, 2012 | R. Behlin<br>J. Rump<br>M. Worrock<br>R. Williams<br>P. Smith<br>J. Pate |

| | | |
|---|---|---|
| 13.<br>Failure to process grievance | December 18, 2012 | P. Smith<br>J. Pate<br>A. Hallman<br>J. Simmons |
| 14.<br>Failure to allow Plaintiff to wear a Muslim half-inch beard | continual | J. Pate<br>K. Newton<br>P. Smith<br>O. Shaheed<br>L. Roberts<br>T. Mutakabbur<br>C. Stokes<br>J. Porter<br>J. Carmichael |
| 15.<br>Failure to allow Plaintiff to wear kufi | April 2013 | L. Morris<br>P. Smith<br>C. Stokes<br>T. Mutakabbur |
| 16.<br>Plaintiff required to wear belly chains when eating; D. Ford called Plaintiff a "snitch." | date unspecified but grievance number indicates that it was 2012 | K. Newton<br>T. Ramsey<br>K. Walker<br>M. Donaldson |
| 17.<br>Plaintiff placed on no meat diet after he requested kosher diet | September 2012 | G. Dukes<br>M. Fuller |
| 18.<br>Cold food and unsanitary tray | September 13, 2012, to April 6, 2013 | J. Pate<br>K. Newton<br>A. Jordan<br>W. Worrock |
| 19.<br>Two meals a day on weekends | September 13, 2012, to June 17, 2013 | J. Dukes<br>J. Pate<br>A. Jordan<br>K. Newton<br>R. Williams |
| 20.<br>Bad food tray and nutriloaf | April 5, 2013 | K. Newton<br>P. Derrick |

| 21. Disciplinary charge | June 4, 2013 | V. Jones<br>K. Behlin<br>K. Grimes<br>W. Worrock |
|---|---|---|
| 22. Cold conditions | Nov. 2012 through March 2013 | L. Morris<br>W. Worrock<br>K. Newton<br>P. Smith |

In his prayer for relief, Plaintiff seeks injunctive relief against the Governor of South Carolina, an order directing the Attorney General of South Carolina to prosecute the other Defendants, court costs and attorney's fees, and monetary compensation from all Defendants, except from the Governor of South Carolina and the Attorney General of South Carolina.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Insofar as Plaintiff's requests for injunctive relief and declaratory relief are concerned, the above-captioned case is moot because Plaintiff was released from prison on July 1, 2013. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); and *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246–47 (1971). Hence, Plaintiff's requests for injunctive relief and declaratory relief against Governor Haley and Attorney General Alan Wilson cannot be granted.

Moreover, Plaintiff does not have standing to obtain a federal court order forcing Attorney General Wilson to file criminal charges against various officials or employees of the SCDC. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981) (*applying Linda R. S. v. Richard D.*), which arose in South Carolina.

As a *pro se* litigant, Plaintiff is not entitled to attorney's fees in the above-captioned case. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

Plaintiff lists numerous complaints about the food served to him during his final year in the SCDC. Intermittent mishaps with respect to food are not a constitutional violation. *See, e.g., Blakely v. Wards*, Civil Action No. 4:10-718-RMG-TER, 2011 WL 2559601, at *3–4 (D.S.C. May 10, 2011) (collecting cases and rejecting constitutional claim based on fact that prison food service workers did not wear hair nets), *adopted by Blakely v. Ozmint*, 2011 WL 2559536 (D.S.C. June 28, 2011); and *Jacobs v. Food Service Branch*

*of South Carolina Dep't of Corr.*, Civil Action No. 2:11-319-RBH-BHH, 2011 U.S. Dist. LEXIS 25767 [no Westlaw citation available] (D.S.C. Feb. 15, 2011) (recommending summary dismissal of civil rights action based on the one-time presence of plastic object in turkey sausage served to prisoner), *adopted by* 2011 U.S. Dist. LEXIS 26540 (Mar. 14, 2011). Similarly, Plaintiff's allegations relating to "cold" food show no constitutional violation. *McFadden v. Butler*, Civil Action No. 3:10-3104-JMC-JRM, 2012 WL 847754, at *4 (D.S.C. Feb. 12, 2012), *adopted by* 2012 WL 847273 (D.S.C. Mar. 13, 2012).

At best, Plaintiff's allegations show merely negligence with respect to the serving of food. Negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

Plaintiff's claims about the use of a nutriloaf diet also fail to show a constitutional violation. *See Green v. Byars*, Civil Action No. 4:11-2473-MGL-TER, 2013 WL 708882, at *8 (D.S.C. Jan. 7, 2013) ("The Plaintiff has produced no evidence that the Nutriloaf which he was served was so inadequate that it constituted cruel and unusual punishment. However, as stated above, even if the Plaintiff could establish the first element of his claim, he has not produced any evidence of an actual injury or more than de

[minimis] injury by being placed in the control cell within SMU or given Nutriloaf."), *adopted by* 2013 WL 707875 (D.S.C. Feb. 26, 2013).

Plaintiff's claims relating to the service of two meals a day on weekends at the Allendale Correctional Institution are also moot because he is out of prison. *Wiggs v. Ozmint*, No. 9:10-863-MBS-BM, 2010 WL 2541076, at *2 (D.S.C. May 24, 2010) ("Here, since Plaintiff was released on parole on April 15, 2010, he no longer has a legally cognizable interest in the outcome of this case, as he will no longer be receiving the weekend meals at Turbeville Correctional Institution. Accordingly, this action is now moot."), *adopted by* 2010 WL 2571364 (D.S.C. June 21, 2010).

Plaintiff's remedy for the loss of good time credits in his prison disciplinary proceedings lies in habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). Plaintiff is not entitled to habeas corpus relief because he has been released from prison. *Brown v. Warden of Lieber Corr. Inst.*, Civil Action No. 4:08-2469-GRA-TER, 2009 WL 2150339, at *4 (D.S.C. July 15, 2009). Even if Plaintiff were still in prison, his Section 1983 claims relating to the prison disciplinary proceedings would be subject to summary dismissal because of the holding in *Heck v. Humphrey*. The Supreme Court has extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)

("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."); *see also Edwards v. Ogunsile*, Civil Action No. 0:09-3319-TLW-PJG, 2011 WL 779884, at *3 (D.S.C. Jan. 24, 2011) ("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

Plaintiff's allegations relating to the alleged failure of the SCDC to accommodate his religious practices are also moot because of his release from prison. A prison's failure to accommodate religious beliefs of inmates may be the subject of an action for injunctive relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc through 2000cc-5. *See Couch v. Jabe*, 679 F.3d 197, 203–04 (4th Cir. 2012). Both the Supreme Court and the Court of Appeals, however, have limited damages available pursuant to RLUIPA. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); and *Rendelman v. Rouse*, 569 F.3d 182 (4th Cir. 2009) (rejecting a claim that the spending clause permitted a RLUIPA claim for individual capacity damages). In other words, Plaintiff's request for damages relating to the alleged failure of SCDC officials to accommodate his religious beliefs is barred by sovereign immunity, and his request for injunctive relief is moot because he is no longer in prison. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Plaintiff's allegations relating to the cold cell are also subject to summary dismissal. Although prolonged exposure to cold temperatures may be actionable, *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (stating that a "low cell temperature at night combined with a failure to issue blankets" might violate the Eighth Amendment), Plaintiff's grievance relating to the cold cell shows that Plaintiff had "thermals," socks, shoes, jumpsuit, and a jacket for use in keeping warm (ECF No. 1-1, at page 14).

At the time Plaintiff delivered the Complaint to prison officials for mailing, Plaintiff had one facially-cognizable claim for injunctive relief — his allegation (ECF No. 1, at page 33) that Defendant Ford had called him a "snitch" because Plaintiff had reported her to prison officials. *See Miller v. Leathers*, 913 F.2d 1085, 1088 n. * (4th Cir. 1990) ("It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'"). Eighth Amendment claims for failure to protect may be brought for injunctive relief to avoid future injury. *Corey v. Cartedge*, Civil Action No. 9:11-1078-HFF-BM, 2011 WL 5870040, at *4–5 (D.S.C. June 30, 2011), *adopted by* 2011 WL 5877071 (D.S.C. Nov. 21, 2011). In light of Plaintiff's release from prison on July 1, 2013, Plaintiff cannot obtain injunctive relief with respect to his allegedly being called a "snitch" by Defendant Ford.

On pages 35 and 39 of the Complaint, Plaintiff alleges constitutional violations relating to the SCDC's failure to follow standards of the American Correctional Association. The Supreme Court, however, has held that a prison's failure to adhere to standards of the American Correctional Association is not a constitutional violation. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 n. 3 (1991) (recommendations by

such organizations may be helpful and relevant with respect to some questions, but they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question).

Plaintiff's placement in administrative segregation is not actionable. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

Plaintiff's contention that he was denied access to the courts is contradicted by the docket sheets in Plaintiff's most recent cases. To prevail in an "access to courts" claim, a litigant must show that a non-frivolous claim was being impeded. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded). Moreover, vague and conclusory allegations of inconvenience or delay in a prisoner's instigation or prosecution of legal actions are not sufficient to satisfy this injury element of the claim. *Id.* at 353 n. 3.

One of the cases referenced by Plaintiff as a case adversely affected by a denial of access to the courts, *McKinnedy v. Reynolds*, Civil Action No. 6:10-1247-HMH-WMC, was a successive Section 2254 petition. The docket sheet in Civil Action No. 6:10-1247-HMH-WMC shows that Plaintiff timely filed objections to the Report and Recommendation, timely filed a Rule 59 motion, and timely filed a Notice of Appeal.

In a civil rights action, *McKinnedy v. Ms. Brenda Kee-Lippe, et al.*, Civil Action No. 6:10-2298-HMH-KFM, which was served upon the defendants, Plaintiff timely responded to the defendants' motion for summary judgment, filed timely written objections to the Report and Recommendation that summary judgment should be granted to the defendants, timely filed a Rule 59 motion, and timely filed a Notice of Appeal.

In Plaintiff's most recent case in this Court, *McKinnedy v. Ramsey, et al.*, Civil Action No. 6:13-794-GRA-KFM, Plaintiff successfully defeated a removal of a state court case (Case No. 2013-CP-23-983) to federal court. On May 22, 2013, the Honorable G. Ross Anderson, Jr., Senior United States District Judge, granted Plaintiff's motion to remand the case to state court and assessed court costs against the defendants. Accordingly, Plaintiff cannot show that a non-frivolous claim was being impeded.

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

August 14, 2013                                    Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).