UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William C. McKinnedy, III, former #256024, *aka McKinney, McKennedy*,<br><br>Plaintiff,<br><br>v.<br><br>Warden John R. Pate, *Warden of Allendale Correctional Institution;*<br>Mr. William R. Byars, *Director of SCDC;*<br>Mr. Dennis Patterson, *Director of Operation;*<br>K. Newton, *Asso. Warden;*<br>A. Jordan, *Asso. Warden;*<br>R. Williams, *DHO/Asso. Warden;*<br>W. Worrock, *Major;*<br>R. Grimes, *Captain;*<br>J. Rump, *Lieutenant;*<br>M. Congo, *Lieutenant;*<br>L. Morris, *Lieutenant;*<br>T. Ramsey-Tyler, *Lieutenant;*<br>C. Hartley, *Lieutenant;*<br>Lieutenant Jenkins, *Lieutenant of Contraband;*<br>Sergeant McDonaldson;<br>Sgt. Behlin;<br>P. River-Smith, *Sgt.;*<br>Sgt Cave;<br>J. Dickerson, *Cpl.;*<br>M. Walker, *Officer;*<br>D. Ford, *Officer;*<br>H. Freeman, *Mailroom Div.;*<br>V. Grubbs, *Postal Mailroom Director;*<br>V. Jones, *Counsel Substitute;*<br>V. Black, *Lieutenant Property Control;*<br>A. Jamison, *Cpl. Property Control;*<br>P. Smith, *Inmate Grievance C/IGC;*<br>A. Hallman, *Bronc Chief Grievance;*<br>J. Simmons, *Branch Chief Assistant;*<br>Lloyd Roberts, *Chief Chaplain;*<br>C. Stokes, *Chaplain;*<br>J. Porter, *Chaplain;* | C/A No.: 6:13-cv-01793-GRA<br><br>**ORDER**<br>(Written Opinion) |

| | |
|---|---|
| O. Shaheed, *Muslim Chaplain*; | ) |
| T. Mutakabbir, *Muslim Chaplain*; | ) |
| E. Rowe, *DHO*; | ) |
| G. Dukes, *Food Supervisor*; | ) |
| M. Fuller, *Nutritionist*; | ) |
| P. Derrick, *Head Nurse*; | ) |
| R. Jenkins, *Lieutenant SMU*; | ) |
| D. Taratasky, *Staff Attorney GCO*; | ) |
| Alan Wilson, *Attorney General*; | ) |
| Nikki R. Haley, *Governor of SC*; | ) |
| J. Carmichael, *General Counsel*; | ) |
| M. McQueen, *Law Librarian Edu. Bldg.*; | ) |
| Secretary Sanders, *Warden Secretary Assit.*, | ) |
| Defendants. | ) |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on August 14, 2013. ECF No. 24. Plaintiff William C. McKinnedy, III ("Plaintiff"), a former inmate with the South Carolina Department of Corrections proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. ECF No. 1. Under established local procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. ECF No. 24. Magistrate Judge McDonald recommends that this Court summarily dismiss Plaintiff's Complaint without prejudice and without service of process. *Id.* For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). In the present case, both parties received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation." ECF No. 24. The Notice warned the parties that "[f]ailure to timely file specific written objections . . . [results] in waiver of the right to appeal from a judgment of the District

Court based upon such Recommendation." *Id.* Neither party filed any objections to the Report and Recommendation, and the time for filing such objections has lapsed.[1]

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  1 , 2013
Anderson, South Carolina

---

[1] The final day for objections to the Report and Recommendation was September 3, 2013. *See* ECF No. 24. Plaintiff filed a Motion for Extension of Time asking for an additional forty-five (45) days to file objections to the Report and Recommendation on September 3, 2013. ECF No. 27. This motion was denied by this Court on September 27, 2013. ECF No. 30.